IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
In re                                                 :   Chapter 15
                                                      :
Altos Hornos de México, S.A.B. de C.V.¹,              :   Case No. 16-11890 (   )
                                                      :
        Debtor in a Foreign Proceeding.               :
------------------------------------------------------x
```

**MOTION FOR AN ORDER GRANTING CERTAIN PROVISIONAL RELIEF**

Francisco Javier Gaxiola Fernández, in his capacity as the duly appointed, proposed foreign representative (the "Foreign Representative") of the above-captioned debtor (the "Debtor") in a proceeding (the "SP Proceeding") under Mexico's Bankruptcy and Suspension of Payments law (the "SP Law")², pending before the First Civil Court of First Instance for the Judicial District of Monclova, Coahuila, Mexico (the "Mexican Court"), respectfully submits this motion (the "Motion"), pursuant to sections 105(a), 362, 1519 and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of a provisional order granting an interim stay of execution against the Debtor's assets and applying section 362 of the Bankruptcy Code in this chapter 15 case (the "Chapter 15 Case") on an interim basis, pursuant to sections 105(a), 1519(a) and 1521(a)(7) of the Bankruptcy Code. In support of the Motion, the Foreign Representative refers the Court to the statements contained in the *Declaration of Francisco Javier Gaxiola Fernández in Support of Chapter 15 Petition and First Day Pleadings* (the "Foreign Representative Declaration"), which was filed concurrently herewith and is

---

[1]   The last four digits of the Debtor's U.S. and Mexican taxpayer identification numbers are 0706 and 6U10, respectively. The Debtor's executive headquarters are located at Prolongación Juarez s/n, Col. La Loma, Monclova, Coahuila, Mexico, 25770.

[2]   In 2000, after the commencement of the SP Proceeding, the SP Law was superseded by the *Ley de Concurso Mercantiles* (the "Concurso"). Pursuant to applicable Mexican law, the SP Proceeding continues under the SP Law notwithstanding the enactment of the Concurso. See Transitional Article 5 of Concurso.

01:19096939.4

incorporated herein by reference. In further support of the relief requested herein, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the SP Proceeding as a foreign main proceeding under section 1515 of the Bankruptcy Code. This is a core proceeding under section 157(b)(2)(P) of title 28 of the United States Code. Venue is proper in this District pursuant to section 1410 of title 28 of the United States Code. The statutory predicates for the relief requested herein are sections 105, 362, 1519 and 1521 of the Bankruptcy Code.

## BACKGROUND

2. The Debtor, which is headquartered in Monclova, Coahulia, Mexico and incorporated under Mexican law, is one of the largest integrated steel producers in Mexico. The Debtor also manufactures and produces various steel, plate and tin products and distributes such products primarily in Mexico but also globally—including in the United States.

3. In the late 1990s, the Debtor suffered financial distress due to, among other things, a decline in steel prices. As a result, the Debtor filed for protection under the SP Law on May 24, 1999. The SP Law was a form of legal protection in Mexico that allowed companies to seek a debt restructuring with their creditors in an orderly fashion while continuing operations and avoiding liquidation of assets. On May 25, 1999, the Mexican Court entered an order commencing the SP Proceeding (the "SP Commencement Order"), which granted a stay of creditor actions for the benefit of the Debtor, halted the accrual of interest on all outstanding

unsecured debt, and converted all obligations denominated in a currency other than Mexican pesos into Mexican pesos.

4. The SP Proceeding is one of the largest and most complicated restructurings in Mexican history. Due to the complex nature of the restructuring, lack of time limits imposed by the SP Law on various procedural stages and approximately $1.7 billion (USD) in "recognized" general unsecured claims that have been lodged against the Debtor, the SP Proceeding has continued for approximately seventeen years. On December 17, 2014, the Debtor proposed a general payment agreement (the "<u>Mexican Plan</u>"), which provides payment in full to all recognized unsecured creditors within three years, which constitutes payment in full under the SP Law. The Mexican Plan was approved by (a) creditors representing approximately 61% of the total creditors holding recognized unsecured claims and 75.5% of the aggregate value of the recognized unsecured claims[3] on April 18, 2016, and (b) the Mexican Court on May 16, 2016 pursuant to the Lifting Order. Under Mexican law, the time for appeal of the Lifting Order has expired, and on August 9, 2016, the Debtor commenced distribution of the Election Shares and Election Cash to those creditors who made a valid Equity Election (as such terms are defined in the Verified Petition, described below).

5. On the date hereof (the "<u>Petition Date</u>"), the Foreign Representative commenced this Chapter 15 Case by filing, among other things, a chapter 15 petition and the *Verified Petition for (I) Recognition of Foreign Main Proceeding; (II) Enforcement of Lifting Order; and (III) Certain Related Relief* (the "<u>Verified Petition</u>"[4] and, together, the "<u>Petition</u>")

---

[3] Under the SP Law, a plan seeking to pay 100% of Recognized Claims within three years of the lifting of the debtor's suspension of payments may only be approved if creditors equaling at least one third of the total creditors holding recognized unsecured claims and holding at least one half the aggregate value of the recognized unsecured claims vote in favor of the plan. See SP Expert Declaration at ¶¶ 24 and 29.

[4] Capitalized terms used herein, but not otherwise defined, have the meanings given to them in the Verified Petition.

01:19096939.4

seeking, among other things, recognition by this Court of the SP Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code and seeking to enforce the Mexican Plan and the Lifting Order in the United States.

6.  Pursuant to the Petition, the Foreign Representative is seeking this Court's enforcement in the United States of the terms of the Mexican Plan and the Lifting Order. Pending a determination on such request, the Foreign Representative seeks the protection of the automatic stay under the Bankruptcy Code to ensure that no creditors can attempt to foreclose on the Debtor's assets in the United States pending this Court's ruling on the relief requested in the Petition.

7.  Additional information about the Debtor's business and operations, the events leading up to the Petition Date, and the facts and circumstances surrounding the SP Proceeding and this Chapter 15 Case is set forth in the Foreign Representative Declaration.

## RELIEF REQUESTED

8.  By this Motion, the Foreign Representative seeks entry of an order, substantially in the form attached hereto as Exhibit A, granting an interim stay of execution against the Debtor's assets in the United States and applying section 362 of the Bankruptcy Code in this Chapter 15 Case on an interim basis, pursuant to sections 105(a), 1519(a) and 1521(a)(7) of the Bankruptcy Code.

## BASIS FOR RELIEF

**I.**  *Section 1519 of the Bankruptcy Code Authorizes the Requested Provisional Relief*

9.  Section 1519 of the Bankruptcy Code authorizes the Court to grant the Foreign Representative certain specified relief pending the Court's ruling on the Petition:

> (a) From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the

01:19096939.4

- 4 -

>   assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including —
>
>   (1) staying execution against the debtor's assets; [and]
>
>   . . .
>
>   (3) any relief referred to in paragraph (3), (4) or (7) of section 1521(a).

11 U.S.C. § 1519(a).

10. Section 1519(a)(3) of the Bankruptcy Code expressly authorizes the Court to grant to the Foreign Representative any relief referenced in, among others, section 1521(a)(7) of the Bankruptcy Code. Section 1521(a)(7), in turn, permits a court to grant any relief, with certain limited exceptions that are not applicable here, that would be available to a bankruptcy trustee, and therefore authorizes the Court to apply sections 105 and 362 of the Bankruptcy Code to this Chapter 15 Case on a provisional basis.

II.     *The Requested Provisional Relief Is Justified*

11. Provisional relief under section 1519 requires satisfaction of the standard for injunctive relief. 11 U.S.C. § 1519(e); In re Innua Canada Ltd., Case No. 09-16362, 2009 WL 1025088, at *3 (Bankr. D. N.J. March 25, 2009). In the Third Circuit, that standard requires a movant to show that: (a) it has a likelihood of success on the merits; (b) it will suffer irreparable harm if the injunction is denied; (c) granting preliminary relief will not result in even greater harm to the nonmoving party; and (d) the public interest favors such relief. Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006) (citations omitted); Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citations omitted). The Foreign Representative submits that the standard is satisfied in this Chapter 15 Case.

A.      <u>There Is a Substantial Likelihood of Recognition</u>

12.     As detailed more fully in the Petition and the Foreign Representative Declaration, the Foreign Representative has set forth a compelling case for recognition of the SP Proceeding as a foreign main proceeding.  The SP Proceeding is a "foreign proceeding" and the Foreign Representative is a "foreign representative," as those terms are defined in the Bankruptcy Code.  In addition, this Chapter 15 Case was duly and properly commenced by filing the Petition accompanied by all fees, documents and information required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), including:  (a) a certified copy of the SP Commencement Order, the Lifting Order and the Appointment Resolution; (b) lists pursuant to Bankruptcy Rule 1007(a)(4)(B) containing (i) the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Debtor, (ii) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, and (iii) all parties to litigation pending in the United States to which the Debtor is a party as of the Petition Date; (c) a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1; and (d) a statement identifying all foreign proceedings with respect to the Debtor that are known to the Foreign Representative.

B.      The Debtor Will Suffer Irreparable Harm
        <u>If the Request for Provisional Relief Is Denied</u>

13.     The stay imposed by section 362 of the Bankruptcy Code is one of the fundamental protections provided by U.S. bankruptcy law, halting collection and attachment efforts, harassment and foreclosure actions and providing debtors with necessary breathing room from the financial pressures that caused the bankruptcy filing.  If these protections are not applied in this Chapter 15 Case, the Debtor could face immediate and irreparable harm resulting from the piecemeal loss of assets from individual creditor collection and enforcement efforts.

01:19096939.4

The Debtor has significant assets in the United States, and failure to promptly enjoin creditor actions would result in a significant disruption to the Debtor's business if its creditors can effectively evade the terms of the Mexican Plan and the Lifting Order by commencing any actions in the United States. If actions were commenced in the United States, the Debtor would be forced to expend its resources to defend against these suits, regardless of their merit.

  C.  <u>There Will Be No Harm to Creditors if the Provisional Relief Is Granted</u>

  14.  The Debtor's creditors will not be harmed by the requested provisional relief as it will merely preserve the status quo and enable the Court to rule on the Petition.[5] Additionally, the Mexican Plan already includes such an injunction:

> Accordingly, all of AHMSA's obligations to its Creditors will be novated, and this General Payment Agreement will be the only valid and effective instrument for the payment of AHMSA's debts to domestic or foreign Creditors; this General Payment Agreement extinguishes any right that may exist in the documentation listed on a Creditor's credit acknowledgement and constitutes a waiver of any right arising therefrom; this General Payment Agreement is the only binding instrument in the future for the parties in this process, whether they have approved this General Payment Agreement or not, so long as it has been approved by the Judge in accordance with the suspension of payment proceeding.

Mexican Plan at clause 8.

  15.  In fact, granting the request for provisional relief will benefit the Debtor's creditors because it will ensure that the distributions to be provided under the Mexican Plan are not disrupted or compromised. Indeed, as stated in the legislative history to section 362 of the Bankruptcy Code:

> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of

---

5 The order approving this Motion (the "<u>Order</u>") will expressly allow any creditor who believes it has been harmed by the provisional relief granted to file a motion with the Court seeking relief from the Order.

01:19096939.4

> other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

House Report No. 95-595, 95th Cong., 1st Sess. 340-2 (1977).

16. Furthermore, section 1522(a) of the Bankruptcy Code provides that relief pursuant to section 1519 is available only if "the interests of creditors and other interested parties" are "sufficiently protected." See 11 U.S.C. § 1522(a). Granting recognition to the SP Proceeding and enforcing the Lifting Order and the Mexican Plan is appropriate because it will leave the Debtor's creditors and other interested parties "sufficiently protected." While the Bankruptcy Code does not explicitly define the meaning of "sufficiently protected" as provided in section 1522(a), the legislative history indicates that the section was meant to ensure that "the foreign proceeding [is not] seriously and unjustifiably injuring United States creditors." House Rep. No. 109-31, 109th Cong., 1st Sess. 11 (2005). Courts have applied a balancing test that considers the "interests of the creditors and other interested entities, including the debtor," and the "weighing of the interests of the foreign representative (debtor) in receiving the requested relief (the debtor) in receiving the requested relief against the competing interests of those who would be adversely affected by the grant of such relief" to ensure that creditors are adequately protected. See Jaffe v. Samsung Elecs. Co., 737 F.3d 14, 29 (4th Cir. 2013), cert. denied, 135 S. Ct. 66 (2014); Chen v. Ernst & Young Inc.(In re Nortel Networks Corp.), 2013 U.S. Dist. LEXIS 162887 at *13 (D. Del. Nov. 15, 2013) (describing the balancing test performed by the Bankruptcy Court pursuant to section 1522(a)).

17. Creditors of the Debtor, including creditors located in the United States, were afforded due process and the ability to participate in the SP Proceeding similar to the level of participation available to creditors in a chapter 11 proceeding. All creditors were able to

01:19096939.4

- 8 -

participate in the Creditors' Meeting, had the opportunity to vote to accept or reject the Mexican Plan, and had the opportunity to object and be heard by the Mexican Court with respect to the approval of the Mexican Plan.

18. Additionally, the Debtor sent the Disclosure Statement to all U.S. Recognized Creditors and Noteholders, which provided a detailed overview of the SP Proceeding, the Mexican Plan, the Lifting Order, and the creditors' related rights thereto.  The Debtor also established for (a) creditors whom the Company believed was a holder of a recognized claim that was organized or domiciled in, or a citizen of, the United States of America and (b) beneficial owners of the notes issued by the Company special procedures to vote on the Plan and to make Equity Elections that were in addition to those provided to creditors in general.  The Mexican Plan also treats creditors located in the United States identically to all Mexican creditors.  Accordingly, the Debtor's creditors and other interested parties are "sufficiently protected" pursuant to section 1522(a) of the Bankruptcy Code.

19. The Foreign Representative submits that there will be no harm to creditors if the Foreign Representative's request for provisional relief is granted.

D.    The Public Interest Favors Granting the Provisional Relief

20. As noted above, the requested provisional relief is consistent with the policy underlying bankruptcy law and is in the public interest because it will facilitate the Debtor's efforts to enforce the provisions of the Mexican Plan and the Lifting Order in the United States.  It is imperative that while the relief requested in the Petition is being considered by this Court that the status quo be maintained.  See Rehabworks, Inc. v. Lee (In re Integrated Health Servs, Inc.), 281 B.R. 231, 239 (Bankr. D. Del. 2002) ("In the context of a bankruptcy case, promoting a successful reorganization is one of the most important public interests."); In re Lazarus Burman Assocs., 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993) ("The public interest, in the

context of a bankruptcy proceeding, is in promoting a successful reorganization."); see also In re Adelphia Comm'cns Corp. et al., 368 B.R. 140, 284 (Bankr. S.D.N.Y. 2007) ("The public interest requires bankruptcy courts to consider the good of the case as a whole"); Am. Film Techs v. Taritero (In re Am. Film Techs.), 175 B.R. 847, 849 (Bankr. D. Del. 1994) ("It is 'one of the paramount interests' of this court to assist the Debtor in its reorganization efforts.") (quoting Gathering Rest., Inc. v. First Nat'l Bank of Valparaiso (In re Gathering Restr., Inc.), 79 B.R. 992, 1001 (Bankr. N.D. Ind. 1986)).

21. In addition, granting the provisional relief is in the public interest because it promotes cooperation between jurisdictions in cross-border insolvencies, which is an express purpose of chapter 15 of the Bankruptcy Code.

> (a) The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of –
>
> . . .
>
> (3) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor;
>
> (4) protection and maximization of the value of the debtors' assets; and
>
> (5) facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment.

11 U.S.C. § 1501(a).

22. For the reasons stated above, courts in this circuit have frequently granted requests for similar provisional relief in chapter 15 cases.[6]

---

[6] See, e.g., In re Toshiba Samsung Storage Tech. Korea Corp., Case No. 16-11602 (CSS) (Bankr. D. Del. July 6, 2016) (order granting provisional relief, including protections of automatic stay); In re LDK Solar

01:19096939.4

**NOTICE**

23. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the Debtor's prepetition secured lenders, (c) counsel to the indenture trustees of the Debtors' notes, and (d) counsel to each of the Plan Supporters. In addition, the Foreign Representative proposes to notify all creditors of the entry of any order granting this Motion in the form and manner set forth in the *Motion for Order Scheduling Hearing and Specifying the Form and Manner of Service of Notice*, filed concurrently herewith. The Foreign Representative submits that such notice and service constitutes reasonable and proper notice under the circumstances, and that no other or further notice is necessary or appropriate.

**CONCLUSION**

WHEREFORE, for all of the reasons stated above, the Foreign Representative respectfully requests that this Court: (i) enter an order, substantially in the form attached hereto as Exhibit A; and (ii) grant such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>August 16, 2016 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Matthew B. Lunn*<br>Matthew B. Lunn (No. 4119)<br>Maris J. Kandestin (No. 5294)<br>Ian J. Bambrick (No. 5455)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>*Counsel to the Foreign Representative* |

---

(continued…)

CO., Ltd., Case No. 14-12387 (LSS) (Bankr. D. Del. Oct. 22, 2014) (same); In re Essar Steel Algoma Inc. and Essar Steel Algoma Inc., Case No. 14-11730 (KJC) (Bankr. D. Del. July 17, 2014) (same).

01:19096939.4

## **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                                    :    Chapter 15
                                                         :
Altos Hornos de México, S.A.B. de C.V.[1],               :    Case No. 16-11890 (    )
                                                         :
    Debtor in a Foreign Proceeding.                      :
---------------------------------------------------------x

## ORDER GRANTING PROVISIONAL RELIEF

Upon consideration of the motion (the "Motion")[2] of the Foreign Representative of the Debtor in the SP Proceeding under the SP Law, pending before the Mexican Court, for entry of a provisional order, pursuant to sections 105(a), 362, 1519 and 1521 of the Bankruptcy Code, granting an interim stay of execution against the Debtor's assets and applying section 362 of the Bankruptcy Code in the Chapter 15 Case on an interim basis, pursuant to sections 105(a), 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code; and the Court having reviewed the Motion, the Petition, and the Foreign Representative Declaration, and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given under the circumstances; and no other or further notice being necessary or required; and the Court having determined that the legal and factual bases set forth in the Motion, the Petition and the Foreign Representative Declaration, and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefore,

---

[1] The last four digits of the Debtor's U.S. and Mexican taxpayer identification numbers are 0706 and 6U10, respectively. The Debtor's executive headquarters are located at Prolongación Juarez s/n, Col. La Loma, Monclova, Coahuila, Mexico, 25770.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

01:19096939.4

- 2 -

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C. The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (i) the Debtor is subject to a pending "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (ii) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, and (iii) all statutory elements for recognition of the SP Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code.

D. The Foreign Representative has demonstrated that unless this Order is issued, there is a material risk that one or more parties in interest will take action to control, possess, or execute upon the Debtor's assets, thereby interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, interfering with and causing harm to the Debtor's efforts to reorganize in an orderly manner and its efforts to enforce the Mexican Plan and the Lifting Order in the United States. As a result, the Debtor will suffer immediate and

irreparable harm for which it will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested without prior notice to parties in interest or their counsel.

E. The Foreign Representative has demonstrated that no injury will result to any party that is greater than the harm to the Debtor's business, assets, and property in the absence of the requested relief.

F. All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

G. The interests of the public will be served by entry of this Order.

H. The Foreign Representative and the Debtor are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. The Motion is granted as set forth herein.

2. Pending entry of a recognition order pursuant to section 1517, the Foreign Representative and the Debtor shall be entitled to the full protections and rights under section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against the Debtor's assets within the territorial jurisdiction of the United States. Specifically, all persons and entities are hereby enjoined from (a) continuing any action or commencing any additional action involving the Debtor, its assets or the proceeds thereof, or its former, current or future directors and officers, (b) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtor or its assets, (c) commencing or continuing any action to create, perfect or enforce any lien, setoff or other claim against the

Debtor or any of its property, or (d) managing or exercising control over the Debtor's assets located within the territorial jurisdiction of the United States except as expressly authorized by the Debtor in writing.

3. Pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 362 of the Bankruptcy Code is hereby made applicable in this Chapter 15 Case to the Debtor and the property of the Debtor within the territorial jurisdiction of the United States.

4. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed under section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

5. Pending disposition of the Petition, pursuant to section 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 362 is applicable to the Debtor and the property of the Debtor within the territorial jurisdiction of the United States in this Chapter 15 Case.

6. Any party in interest may make a motion seeking relief from, or modification of, this Order, by filing a motion on not less than seven (7) business days' written notice to counsel to the Foreign Representative: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE  19801 (Attn:  Matthew B. Lunn, Esq. and Maris J. Kandestin, Esq.), and the Court will hear such motion on a date to be scheduled by the Court.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative shall not be subject to any stay in the implementation, enforcement or realization

01:19096939.4

- 5 -

of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

8. Pursuant to Federal Rule 65(b), made applicable to these proceedings pursuant to Bankruptcy Rule 7065, no notice is required prior to the entry and issuance of this Order.  Pursuant to Bankruptcy Rule 7065, the provisions of Federal Rule 65(c) are hereby waived, to the extent applicable.  Notice of the Motion as set forth therein is adequate and sufficient service and notice of the Motion and this Order and no other or further notice need be provided.

9. This Court shall retain jurisdiction with respect to any and all matters relating to the interpretation or implementation of this Order.

Dated:  Wilmington, Delaware
_____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE

01:19096939.4