**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| Altos Hornos de México, S.A.B. de C.V.[1], | : | Case No. 16-11890 (KG) |
| Debtor in a Foreign Proceeding. | : | **Ref. Docket No. 2** |

**ORDER GRANTING (I) RECOGNITION OF FOREIGN MAIN PROCEEDING; (II) ENFORCEMENT OF LIFTING ORDER; AND (III) CERTAIN RELATED RELIEF**

This matter coming before the Court on the chapter 15 petition and the *Verified Petition for (I) Recognition of Foreign Main Proceeding; (II) Enforcement of Lifting Order; and (III) Certain Related Relief* [Docket No. 2] (together, the "Petition")[2] of petitioner, Francisco Javier Gaxiola Fernández, in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the Debtor, in the proceeding (the "SP Proceeding") under Mexico's Suspension of Payments law (the "SP Law"),[3] pending before the First Civil Court of First Instance for the Judicial District of Monclova, Coahuila, Mexico (the "Mexican Court"); and the Court having reviewed the Petition, the Memorandum of Law, the Foreign Representative Declaration, and the SP Expert Declaration, and having considered the statements of counsel with respect to the Petition at a hearing before the Court (the "Hearing"); and appropriate and timely notice of the filing of the Petition and the Hearing having been given; and no other or further notice being necessary or required; and the Court having determined that the

[1] The last four digits of the Debtor's U.S. and Mexican taxpayer identification numbers are 0706 and 6U10, respectively. The Debtor's executive headquarters are located at Prolongación Juarez s/n, Col. La Loma, Monclova, Coahuila, Mexico, 25770.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Petition.

[3] After the commencement of the SP Proceeding, the SP Law was superseded by the Ley de Concurso Mercantiles (the "Concurso"). Pursuant to applicable Mexican law, the SP Proceeding continues under the SP Law notwithstanding the enactment of the Concurso. See Transitional Article 5 of Concurso.

legal and factual bases set forth in the Petition, the Memorandum of Law, the Foreign Representative Declaration, the SP Expert Declaration, and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefore,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C. The Foreign Representative is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

D. This chapter 15 case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

E. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q) by serving the *Notice of Hearing on Petition Under Chapter 15 of the United States Bankruptcy Code* [Docket No. 21] (the "<u>Recognition Hearing Notice</u>") and publishing a publication version of the Recognition Hearing

Notice, each in accordance with the *Order Scheduling Hearing and Specifying the Form and Manner of Service and Publication of Notice* [Docket No. 18] (the "Form and Manner Order"). In addition, the Foreign Representative's service of Noteholders who were not required to be served by the Form and Manner Order with a Recognition Hearing Notice sans exhibits constitutes due and sufficient notice upon those parties of the Hearing.

F. The SP Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

G. The SP Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H. Mexico is the center of main interests of the Debtor, and accordingly the SP Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I. Recognizing the SP Proceeding would not be manifestly contrary to the public policy of the United States, as prohibited by section 1506 of the Bankruptcy Code.

J. The Foreign Representative is entitled to all the automatic relief available pursuant to section 1520 of the Bankruptcy Code without limitation.

K. All creditors and other parties in interest are sufficiently protected in the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

L. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 105(a), 1517, 1520, 1521 and 1522 of the Bankruptcy Code, and

will not cause any hardship to any party in interest that is not outweighed by the benefits of granting that relief.

**NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. The Petition is granted as set forth herein.

2. The SP Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

3. The Petitioner is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in this chapter 15 case.

4. The Lifting Order, including any extensions, amendments, or modifications thereto, is hereby enforced on a final basis and given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to sections 105(a), 1507, and 1521 of the Bankruptcy Code.

5. All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted to the SP Proceeding.

6. Sections 361 and 362 of the Bankruptcy Code shall hereby apply with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States.

7. Pursuant to sections 1520 and 1521 of the Bankruptcy Code, the SP Proceeding, the Mexican Plan, and the Lifting Order, and the transactions consummated or to be consummated thereunder, shall be granted comity and given full force and effect in the United

States to the same extent that they are given effect in Mexico, and each is binding on all creditors of the Debtor and any of their successor or assigns.

8. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to the Debtor or the Foreign Representative by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and that certain *Order Granting Provisional Relief* [Docket No. 17] shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

9. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents, are hereby enjoined from, with respect to any claims (as that term is defined in section 101(5) of the Bankruptcy Code) that were discharged by the Lifting Order:

a. executing against any of the Debtor's assets;

b. commencing or continuing, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or recovering a claim, which in either case is in any way related to, or would interfere with, the administration of the Debtor's estate in the SP Proceeding or the solicitation, implementation, or consummation of the transactions contemplated by the Lifting Order or the Mexican Plan, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtor in the United States;

c. taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtor or any of its property;

d. transferring, relinquishing, or disposing of any property of the Debtor to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative; and

e. commencing or continuing an individual action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities to the extent they have not been stayed under section 1520(a);

provided, however, in each case, such injunction shall be effective solely within the territorial jurisdiction of the United States.

10. All entities are permanently enjoined from taking any action within the territorial jurisdiction of the United States that is in contravention of or that is inconsistent with the Lifting Order or the Mexican Plan.

11. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, or (b) staying the exercise of any rights that are not subject to stay arising under section 362(a).

12. Pursuant to section 1521(a)(4) of the Bankruptcy Code, the Foreign Representative is hereby authorized to seek examination of witnesses, the taking of evidence, production of documents, and delivery of information concerning the assets, affairs, rights, obligations, or liabilities of the Debtor, as such information is required in the SP Proceeding under the law of the United States, in accordance with Bankruptcy Rule 2004 and Local Rule 2004-1.

13. The Foreign Representative, the Debtor, or each of their successors, agents, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and

may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

15. A copy of this Order, conformed to be true and correct, shall be served, within three business days of entry of this Order, by facsimile, electronic mail, or overnight express delivery, upon all persons or bodies authorized to administer foreign proceedings of the Debtor, all entities against whom provisional relief was granted under section 1519 of the Bankruptcy Code, all parties to litigation pending in the United States to which the Debtor was a party at the time of the filing of the Petition, the United States Trustee, and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for present purposes.

16. This Court shall retain jurisdiction with respect to: (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case; and (c) any request by an entity for relief from the provisions of this Order, for cause shown.

Dated: September 30, 2016
Wilmington, Delaware

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

01:19096926.11